UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| THOMAS KLOS and MESSINA GUZMAN, as next friends of a minor, EC,<br><br>      Plaintiffs<br><br>v.<br><br>COMMUNITY REGIONAL CHARTER SCHOOL, et al.,<br><br>      Defendants | 1:23-cv-00368-NT |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiffs, the parents of a minor, EC, filed a complaint and an application to proceed without prepayment of fees, which application the Court granted. (Complaint, ECF No. 1; Application, ECF No. 3; Order, ECF No. 4.) Plaintiffs allege EC's school district and various district and state government employees violated her federal rights under statutes like the Individuals with Disabilities Education Act (IDEA), the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act (Rehab Act), the Family Education Rights and Privacy Act (FERPA), and the Maine Human Rights Act (MHRA). In accordance with the statute governing matters in which a plaintiff proceeds without prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the claims alleged against the individuals and order service of process on the school district.

## FACTUAL ALLEGATIONS

EC is a 13-year-old child enrolled in the Community Regional Charter School district. She attended Dimensions Academy in Cornville, Maine from 2018 until June 2023, and she now attends Overman Academy in Skowhegan. EC was diagnosed with an anxiety disorder in 2014, ADHD in 2015, and autism in 2017. The diagnoses remain current.

Plaintiffs allege that because of EC's disabilities, she requires a late start accommodation. District employees resisted efforts to discuss Plaintiffs' request at IEP meetings and, after a due process hearing request and a mediation meeting in March 2021, the parties reached an agreement involving the late start accommodation and a functional behavioral assessment. Plaintiffs allege that in September 2021 and after, district employees breached the agreement, wrongfully marked EC as habitually truant, and refused to alter her records despite Plaintiffs' contestations.

In October 2022, Plaintiffs disputed the district's proposed transportation plan for EC. Plaintiffs argued that the pickup and/or drop-off location was too far from their home and the time was not consistent with a late start accommodation. EC has not attended school in person since the dispute about the transportation issue.

Between November 2021 and November 2022, Plaintiffs sent several emails about the disputed issues to the Maine Department of Education Commissioner. In February 2023, Plaintiffs submitted a complaint to the Maine Human Rights Commission about the alleged failure to honor the late start accommodation and the alleged failure to provide

2

adequate transportation.  Plaintiffs assert that due to false statements from district employees and their attorneys, the Commission erroneously denied Plaintiffs' complaint.

### STANDARD OF REVIEW

Title 28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action.  When a party is proceeding pursuant to the statute, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'"  *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  "This

is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

Plaintiffs have alleged enough facts to proceed against the school district on their IDEA claims and the accommodation-based disability discrimination claims under the ADA, the Rehab Act, and the MHRA.  To the extent that Plaintiffs have attempted to proceed under those statutes against employees or other individuals in their personal capacities, however, dismissal is appropriate because the statutes do not provide for personal liability.  *See Diaz-Fonseca v. Puerto Rico*, 451 F.3d 13, 34 (1st Cir. 2006) (discussing IDEA); *DeCotiis v. Whittemore*, 842 F. Supp. 2d 354, 363 n.5 (D. Me. 2012) (discussing ADA and Rehab Act); *Fuhrmann v. Staples Office Superstore E.*, *Inc.*, 2012 ME 135, ¶¶ 32–34, 58 A.3d 1083, 1097–98 (discussing the MHRA).

Plaintiffs' other counts fail to state any actionable independent claims for relief.  For example, even if Plaintiffs' assertion that Defendants violated FERPA by failing to hold a hearing and correct EC's attendance records were true, Plaintiffs are not entitled to legal relief because FERPA does not create an enforceable private cause of action.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 276 (2002).  Likewise, Plaintiffs' allegation that they sent emails to the head of a state agency (i.e., the Commissioner of Education) does not, without more, support a finding that the Commissioner was involved in the school district's decisions.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (where vicarious liability does not apply "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated" federal law).  Finally, Plaintiffs' attempt to

assert a claim against certain participants in the Maine Human Rights Commission also fails.  *See e.g., Briscoe v. LaHue*, 460 U.S. 325, 335–36 (1983) (discussing immunity and lack of § 1983 cause of action for witnesses and officials in judicial proceedings)*; Butz v. Economou*, 438 U.S. 478, 513 (1978) (extending immunity to agency proceedings because alternative adequate checks exist on the actions of officials, advocates, and witnesses and because the high stakes predictably lead to "imputations of malice" following "an adverse decision") (internal quotation marks and modifications omitted); *Cignetti v. Healy*, 967 F. Supp. 10, 14 (D. Mass. 1997) (noting that immunity doctrines and limits on § 1983 liability apply to participants in administrative actions).

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiffs' complaint pursuant to 28 U.S.C. § 1915, I recommend the Court (1) allow Plaintiffs to proceed on their claims against the school district based on alleged violations of the IDEA, ADA, Rehabilitation Act, and MHRA, and (2) dismiss all other claims, including the claims against the individually named defendants.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

                                            /s/ John C. Nivison
                                            U.S. Magistrate Judge

Dated this 1st day of November, 2023.